Determination of respondent Police Commissioner, dated August 9, 2006, which, after a hearing, sustained charges against petitioner, a sergeant in the New York City Police Department, and recommended that petitioner forfeit 20 vacation days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Kibbie F. Payne, J.], entered on or about July 6, 2007), dismissed, without costs.
The findings that petitioner, in connection with an incident involving two uniformed, on-duty, intoxicated detectives, failed to prepare a fitness for duty report as directed by competent authority and failed to supervise the detectives are supported *277 by substantial evidence (see 300 Gramatan Ave. Assoc, v State Div. of Human Rights, 45 NY2d 176, 181 [1978]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231-232 [1974]), including the testimony of the lieutenant who required petitioner’s assistance at the scene. No basis exists to disturb the hearing officer’s findings of credibility (see Matter of Berenhaus v Ward, 70 NY2d 436 [1987]). Concur — Gonzalez, J.E, McGuire, Moskowitz, DeGrasse and Freedman, JJ.